HUNTER PYLE, SBN 191125
SUNDEEN SALINAS & PYLE
1330 Broadway, Suite 1830
Oakland, CA  94612
Telephone:	510.663.9240
Telefax:	510.663.9241

Attorneys for Plaintiffs
KAHLIL ZAIDI, et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANEEZ ZAIDI, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No.: C 03 4828 SBA<br><br>**PLAINTIFF KAHLIL ZAIDI'S TRIAL BRIEF**<br><br>Date:　　　December 19, 2005<br>Time:　　　8:30 a.m.<br>Ctrm:　　　3<br>Judge:　　　Hon. Saundra Brown Armstrong |

Plaintiff Kahlil Zaidi (also known as Jacob) submits the following trial brief in anticipation of the trial set for December 19, 2005:

## STATEMENT OF FACTS

On August 1, 2002, Jacob Zaidi had a small cut on the side of his face.  This abrasion resulted from an unfortunate incident during which his mother, Kaneez Zaidi, had tossed a clothes hanger across her bedroom toward a trash can.  At that moment, Jacob opened her door and stepped into the room.  He was then struck in the head with the hangar.

The small cut that Jacob received was therefore the result of an accident, and not any intentional act on Kaneez Zaidi's part.  By August 5, 2002, the cut was not an open wound and had largely healed.

On August 5, 2002, at approximately 4:30 p.m., Kaneez Zaidi went to Jacob's day care center to pick him up. At the center, Carolyn Lacativo approached Kaneez Zaidi and asked to speak with her. Kaneez Zaidi was holding an ice cream cone that she had brought for Jacob which was melting all over her hands. Kaneez Zaidi told Ms. Lacativo that she was going to wash the ice cream off before talking with her. Ms. Lacativo said that that was fine.

Kaneez Zaidi handed the ice cream cone to Jacob and washed her hands in the bathroom. When Kaneez Zaidi came out of the bathroom, Ms. Lacativo was nowhere to be found.

Kaneez Zaidi then went looking for Ms. Lacativo. Kaneez Zaidi found her in the secretary's office on the telephone. Ms. Lacativo asked her to wait for her outside of the office. Kaneez Zaidi then waited for approximately ten minutes.

After approximately ten minutes, Kaneez Zaidi told the secretary that Kaneez Zaidi was going to go home. Kaneez Zaidi had groceries in the car, and she was worried that they were going to spoil. Kaneez Zaidi told the secretary that Ms. Lacativo was welcome to come to her house to speak with her if she so desired. (At that time, Kaneez Zaidi lived approximately 100 feet from the day care center.)

Kaneez Zaidi then went home with Jacob. She and Jacob began to carry groceries into their home. Kaneez Zaidi then called Juliet Zaidi, her mother on her cellular phone. She spoke with Juliet Zaidi briefly about what had happened at Jacob's day care center. Juliet Zaidi recommended that Kaneez Zaidi call some friends from church to come over in case Ms. Lacativo came over. Kaneez Zaidi agreed to do so, and hung up.

Kaneez Zaidi then called several friends. At least one friend agreed to come over to Kaneez Zaidi's house, and indicated that she was on her way.

Kaneez Zaidi then called Juliet Zaidi back. As they were talking, Kaneez Zaidi heard a loud banging at her door.

Kaneez Zaidi then went to the door and opened it with the chain on so that it could not be opened all the way. There were two officers outside of her door, who she later learned were defendants

Brashear and Flores. Kaneez Zaidi did not see anyone but the officers. At that time, and at all times relevant to this motion, Kaneez Zaidi was not aware that Ms. Lacativo was present.

The officers began yelling at Kaneez Zaidi that she had to come outside. Kaneez Zaidi asked them what this was regarding. The officers continued to order her to step outside of the house.

Kaneez Zaidi continued to calmly ask the officers why she needed to come outside. The officers refused to answer. The officers then said that if Kaneez Zaidi did not come outside, they were going to come inside. Kaneez Zaidi asked them if they had a warrant. Defendant Brashear responded that they did not need a warrant. Kaneez Zaidi told the officers that they did need a warrant, and that without a warrant they were not coming into her home.

Kaneez Zaidi then offered to bring Jacob to the door to talk to the officers, so that they could see that he was alright. Kaneez Zaidi also said that without a court order, the officers were not going to be allowed into her house. Kaneez Zaidi then told the officers that she would not allow them to come into the house until some friends arrived to witness the interaction. As set forth above, Kaneez Zaidi had already called these friends and asked them to come over. They had agreed, and were on their way.

As soon as Kaneez Zaidi said that she had friends coming over, defendant Flores said that unless Kaneez Zaidi opened the door within ten seconds, they were going to break it down. Kaneez Zaidi then shut the door. The officers then forced their way through the door, breaking the chain.

Kaneez Zaidi started screaming to her mother that the officers were breaking down the door. This was the first time during the incident that Kaneez Zaidi raised her voice.

The officers came through the doorway. Defendant Brashear began to walk down the hallway toward the bedrooms. Kaneez Zaidi walked behind him, telling him that he had no right to be in her house. Defendant Brashear then turned around and pushed Kaneez Zaidi as hard as he could, propelling her into defendant Flores.

At about the same time, Jacob came out of Kaneez Zaidi's bedroom. He was scared and grabbed Kaneez Zaidi. Kaneez Zaidi then picked him up to protect him from the officers.

The officers pushed Kaneez Zaidi toward the front of the house. Kaneez Zaidi started yelling for help. The officers then pushed her onto the balcony. Kaneez Zaidi fell and landed on top of Jacob. The officers then started pushing her and Jacob into the concrete. The officers were also trying to pull her hands off of Jacob and to pull Jacob away from Kaneez Zaidi.

Kaneez Zaidi asked the officers why they were doing this. The officers applied pain compliance holds on her. Kaneez Zaidi then let go of Jacob, and the officers took him away from her.

Subsequently, Jacob was subjected to an involuntary strip search.

## LEGAL ANALYSIS

### I. PLAINTIFF JACOB ZAIDI WILL PREVAIL ON HIS FIRST CAUSE OF ACTION UNDER SECTION 1983 FOR VIOLATION OF THE FOURTH AMENDMENT.

Plaintiff Jacob Zaidi will prevail on his first cause of action against defendants Brashear and Flores. As set forth below, defendants Brashear and Flores entered plaintiff Jacob Zaidi's home without a warrant, without probable cause, and without exigent circumstances. Accordingly, their actions violated the Fourth Amendment.

Furthermore, because a reasonable officer would have known that the actions of defendants Brashear and Flores were in violation of the Fourth Amendment, defendants Brashear and Flores are not entitled to qualified immunity.

#### A. BECAUSE NEITHER PROBABLE CAUSE NOR EXIGENT CIRCUMSTANCES EXISTED AT THE TIME THAT DEFENDANTS ENTERED PLAINTIFFS' HOME, DEFENDANTS' ACTIONS VIOLATED THE FOURTH AMENDMENT.

Because defendants' entry into plaintiffs' home was warrantless, defendants' actions were in violation of the Fourth Amendment unless both probable cause and exigent circumstances existed at the time of entry. In this case, neither probable cause nor exigent circumstances existed at the time of defendants' warrantless entry. Accordingly, defendants' actions violated the Fourth Amendment.

**1. Because defendants' entry into plaintiffs' home was warrantless, defendants' actions were in violation of the Fourth Amendment unless both probable cause and exigent circumstances existed at the time of the entry.**

"It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

Furthermore, it is well-settled that the Fourth Amendment prohibits police officers from making a warrantless entry into a person's home, unless the officers have probable cause *and* are presented with exigent circumstances. *Payton*, *supra*, 445 U.S. at 590; *LaLonde v. County of Riverside,* 204 F.3d 947, 954 (9th Cir.2000) ("[I]t is well settled constitutional law that, absent exigent circumstances, probable cause alone cannot justify an officer's warrantless entry into a person's home."); *United States v. Prescott,* 581 F.2d 1343, 1350 (9th Cir.1978) ("[A]bsent exigent circumstances, police who have probable cause to arrest a felony suspect must obtain a warrant before entering a dwelling to carry out the arrest.").

Accordingly, in this case, plaintiff Jacob Zaidi will prevail on his first cause of action unless defendants can show that both probable cause and exigent circumstances existed at the time of the warrantless entry.

**2. In this case, defendants did not have probable cause to believe that a crime had been committed.**

Defendants will not be able to present any facts from which a reasonable juror could conclude that they had probable cause to believe that a crime had been committed at the time that they entered plaintiffs' home.

First, Ms. Lacativo has admitted that she was merely *investigating* whether or not child abuse had occurred. Investigation is not sufficient to support a finding of probable cause.

Second, Kaneez Zaidi's alleged actions after the officers entered her home do not support probable cause at the time of entry. For these reasons, defendants did not have probable cause to enter plaintiffs' home.

### 3. In this case, no exigent circumstances existed that would justify defendants' warrantless entry into plaintiffs' home.

In *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), the Supreme Court described the heavy burden that police officers face when attempting to justify warrantless searches:

> [T]he police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests. Indeed, the Court has recognized only a few such emergency conditions, *see, e.g., United States v. Santana,* 427 U.S. 38, 42-43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976) (hot pursuit of a fleeing felon); *Warden v. Hayden,* 387 U.S. 294, 298-299, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) (same); *Schmerber v. California,* 384 U.S. 757, 770-771, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (destruction of evidence); *Michigan v. Tyler,* 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978) (ongoing fire), and has actually applied only the "hot pursuit" doctrine to arrests in the home.

*Welsh,* 466 U.S. at 749-50, 104 S.Ct. 2091; *see also Minnesota v. Olson,* 495 U.S. 91, 100, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990).

In describing the "heavy burden" outlined in *Welsh,* the Ninth Circuit has explained that police "can meet that burden only by 'demonstrat[ing] specific and articulable facts to justify the finding of exigent circumstances.'" *United States v. Shephard,* 21 F.3d 933, 938 (9th Cir.1994) (quoting *United States v. Driver,* 776 F.2d 807, 810 (9th Cir.1985)).

The Ninth Circuit also explained that "this burden is not satisfied by leading a court to speculate about what may or might have been the circumstances." *Driver,* 776 F.2d at 810; *see also United States v. George,* 883 F.2d 1407, 1411 (9th Cir.1989).

Here, defendants will not be able to show that exigent circumstances existed at the time that they forced their way into plaintiffs' house without a warrant.

## B. DEFENDANTS BRASHEAR AND FLORES ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

"In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence." *Saucier v. Katz* 533 U.S. 194, 200, 201 (2001). First, the Court should ask whether, taken in the light most favorable to plaintiffs, the facts alleged show that the officer's conduct violated a constitutional right. *Id.* (holding that, "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry.")

If the answer to the first question is affirmative, the second question is whether the right at issue was "clearly established" at the time of the injury. *Id.* (holding that, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.") If the answers to both of these questions are affirmative, the officer is not entitled to qualified immunity.

Here, Jacob's allegations will establish a constitutional violation. Furthermore, the right that defendants Brashear and Flores violated in entering plaintiffs' home without a warrant, and without probable cause or exigent circumstances, was clearly established at the time of the incident. Finally, a reasonable officer would have known that the actions of defendants Brashear and Flores were unlawful. Accordingly, as set forth below, defendants Brashear and Flores are not entitled to qualified immunity.

### 1. Plaintiff Jacob Zaidi will present evidence sufficient to support a claim under section 1983 for violation of the Fourth Amendment.

The threshold inquiry in a qualified immunity analysis is whether a plaintiff's allegations, taken in the light most favorable to plaintiff, establish a constitutional violation.

Here, plaintiff Jacob Zaidi will present evidence that defendants Brashear and Flores forcibly entered his home without a warrant. Plaintiff Jacob Zaidi will further present evidence from which a reasonable juror could find that no exigent circumstances existed to justify defendants' actions.

This evidence is sufficient to support a cause of action under section 1983 for violation of the Fourth Amendment. *See Figueroa v. Gates* 207 F.Supp.2d 1085, 1090-1091 (C.D.Cal.2002) (holding that, "Plaintiffs allege that the shooting officers shot decedents in the back, killing them, even though they were unarmed and posed no reasonable threat to the officers or to anyone else. [citation omitted] These facts allege a constitutional violation.")

Accordingly, the jury will find that the answer to the first inquiry with respect to defendants' claim of qualified immunity is affirmative.

**2. The right asserted by plaintiff Jacob Zaidi was clearly established at the time that defendants Brashear and Flores entered plaintiffs' home without a warrant, and a reasonable officer would have known that their actions were unlawful.**

In determining whether an alleged constitutional right was clearly established, the question for the jury will be whether, "viewing the facts in the light most favorable to Plaintiffs,…the officers were on notice that their conduct was unconstitutional." *Figueroa*, *supra*, at 1091. Furthermore, in the Ninth Circuit, a plaintiff need not produce a case directly on point to demonstrate that a right was clearly established. *See Deorle v. Rutherford* 272 F.3d 1272, 1285-86 (9th Cir.2001) (as amended).

Here, as set forth below, it was well-settled at the time of the incident that probable cause and exigent circumstances were required to enter plaintiffs' home. Further, a reasonable officer would have known that the actions of defendants Brashear and Flores were unlawful.

**a. In this case, the contours of the right at issue were sufficiently clear at the time of the incident.**

This incident occurred in August 2002. As set forth above, it was well-settled as of that date that the Fourth Amendment prohibits police officers from making a warrantless entry into a person's home, unless the officers have probable cause *and* are presented with exigent circumstances. *Payton*, *supra*, 445 U.S. at 590 (1980); *LaLonde*, *supra*, 204 F.3d at 954 (9th Cir.2000) ("[I]t is well settled constitutional law that, absent exigent circumstances, probable cause alone cannot justify an officer's warrantless entry into a person's home."); *Prescott, supra*, 581 F.2d at1350 (9th Cir.1978) ("[A]bsent

**PLAINTIFF KAHLIL ZAIDI'S TRIAL BRIEF**
C 03 4828 SBA
**-8-**

exigent circumstances, police who have probable cause to arrest a felony suspect must obtain a warrant before entering a dwelling to carry out the arrest.").

*See also Calabretta v. Floyd,* 189 F.3d 808 (9th Cir.1999). In *Calabretta*, a social worker and a police officer made a coerced, warrantless entry into the plaintiffs' house in order to investigate suspected child abuse. *Id.,* at 811. The social worker also coerced the mother to pull down the pants of one of the children so that the social worker could check for signs of abuse. *Id.,* at 811-12.

The district court denied defendants' motion for summary judgment on the grounds of qualified immunity. The Ninth Circuit affirmed because "a reasonable government official would have known that exigent circumstances justifying warrantless entry into the parents' home did not exist; that consent or a warrant was required for entry; and that qualified immunity was not available with respect to the coerced strip search of a three-year-old child." *Id.*

    **b.**    **The jury will find that a reasonable officer would have known that the actions of defendants Brashear and Flores were unconstitutional.**

Here, a reasonable officer would have known that the actions of defendants Brashear and Flores were unconstitutional, for the following reasons:

(1) The officers arrived to investigate alleged child abuse, and, at that time, did not have probable cause to believe that Kaneez Zaidi had committed a crime;

(2) Kaneez Zaidi did not raise her voice until after the officers started to break down her door;

(3) Kaneez Zaidi asked to see a warrant; when she was told that the officers did not have a warrant, she offered to bring Jacob to the door so that the officers could see him;

(4) Kaneez Zaidi told the officers that they could come in as soon as her friends arrived to witness the interaction;

(5) Nevertheless, the defendants forced their way into plaintiffs' home.

Because neither probable cause nor exigent circumstances existed at the time that defendants Brashear and Flores entered plaintiffs' home, a reasonable officer would have known that the conduct of

defendants Brashear and Flores was unlawful. Accordingly, defendants Brashear and Flores are not entitled to qualified immunity in this case.

Dated: October 12, 2005  SUNDEEN SALINAS & PYLE

By:_____
    Hunter Pyle

Attorneys for Plaintiff
KAHLIL ZAIDI